IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv573

| | |
|---|---|
| JAMES EDWARD BRACEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on the parties' Motions for Summary Judgment. Upon a review of the record, the parties' briefs, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 12] and **GRANT** the Motion for Summary Judgement [# 10].

I.    **Procedural History**

Plaintiff filed an application for disability insurance benefits on January 11, 2013. (Transcript of Administrative Record ("T.") 156.) The application had a protective filing date of November 27, 2012. (T. 15, 93.) Plaintiff alleged an onset

-1-

date of June 15, 2012. (T. 156.) The Social Security Administration denied Plaintiff's claims. (T. 94-7.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 98-102.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 31-56.) The ALJ then issued a decision finding that Plaintiff was not disabled from June 15, 2012, through the date of the decision. (T. 25.) Plaintiff requested review of the ALJ's decision. (T. 9.) The Appeals Council denied Plaintiff's request for review. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that

a claimant is not cable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III. The ALJ's Decision**

In his March 26, 2015, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 25.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

(2) The claimant has not engaged in substantial gainful activity since June 15, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant has the following severe impairments: Diabetes, high blood pressure, post-traumatic stress disorder, alcohol abuse in partial remission (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can stand and/or walk six hours total and sit six hours total. The claimant can frequently climb ramps, stairs, balance, stoop, knee, and crawl. The claimant can never climb ladders, ropes, or scaffolds. The claimant can have only occasional interaction with customers and needs 1-2 step job instructions.

(6) The claimant is capable of performing past relevant work as a Commercial Cleaner DOT#389.667-010. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from June 15, 2012, through the date of this decision (20 CFR 404.1520(f)).

(T. 17-25.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in

federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. The Decision from the Department of Veteran Affairs

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Under the pertinent regulations, a disability decision by another governmental agency is entitled to consideration and may not be ignored by the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6; Bird v. Comm'r Soc. Sec. Admin., 699 F.3d 337, 343 (4th Cir. 2012). Such a decision, however, is not binding on the Commissioner. SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006); Gabriel v. Colvin, No. 1:14-cv-270-FDW, 2015 WL 45915591, at *3 (W.D.N.C. Jul. 29, 2015) (Whitney, C.J.). Although not binding on the Commissioner, a disability determination made by the Department of Veterans Affairs ("VA") is still entitled to substantial weight. Bird, 699 F.3d at 343. As the United States Court of Appeals for the Fourth Circuit explained in Bird:

> Because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency. Thus, we hold that, in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriated.

Id.; see also Andrews v. Colvin, Civil Case No. 3:15-cv-274-MR, 2016 WL 4545317, at *7-8 (W.D.N.C. Aug. 31, 2016) (Reidinger, J.) (remanding case discussing the weight an ALJ must assign a disability determination of the VA).

The record in this case contains a disability rating decision from the VA

dated November 17, 2011. (T. 171-75.) Based on a review of the evidence before it, the VA determined that Plaintiff's post-traumatic stress disorder ("PTSD") was 70% disabling.[2] (T. 171.) The VA increased the percent disabling from 50% to 70% effective February 9, 2011, based on its review of the substantial evidence before it. (T. 171-75.) The VA, however, also determined that Plaintiff was not entitled to individual unemployability "because [he] has not been found unable to secure or follow a substantially gainful occupation as a result of service connected disabilities." (T. 175.)

Here, the ALJ acknowledged the VA disability decision in his decision.[3] (T. 22.) After acknowledging that the VA found that Plaintiff's PTSD was 70% disabling, the ALJ explained how the VA disability program differs from the Social Security Administration. (Id.) The ALJ then assigned "some weight to the opinion of the Department of Veterans affairs [sic] to the extent that the claimant's post-traumatic stress disorder limits him to only occasional interaction with customers and work activity that involves only 1-2 step job instructions." (Id.)

---

2  Once the VA determines that a disability is service-connected, it assigns a disability rating of between 0 and 100%. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. This percentage rating represents the average impairment in the earning capacity to the individual resulting from the disabling condition. 38 C.F.R. § 4.1. The VA may also assign a total disability rating when the scheduled rating is less than 100% "when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities" where specific requirements are met. 38 C.F.R. §4.16.
3  The Court notes that the ALJ states that the decision found that Plaintiff was 70% disabled due to his PTSD and 10% disabled due to his hypertension. (T. 22.) The VA determination cited by the ALJ, however, does not address hypertension at all, much less find that Plaintiff is 10% disabled due to his hypertension. The VA decision only addressed Plaintiff's PTSD and his right arm condition. (171-75.)

The ALJ offered no further explanation as to why he was not assigning substantial weight to the decision.

Plaintiff contends that the ALJ erred by failing to articulate in the decision its reasoning for assigning less than substantial weight to the decision of the VA. The Court agrees. The only reasoning offered by the ALJ for not assigning the VA determination substantial weight was that the programs "differ" in "several significant areas." (T. 22.) Allowing an ALJ to assign less weight to the decision of the VA simply because of the differences in the two program would undermine the very holding of <u>Bird</u>, which held that a VA determination was entitled to substantial weight "[b]ecause the purpose and evaluation methodology of the programs are closely related" and, thus, a disability rating by the VA is "highly relevant" to the disability determination of the Social Security Administration. 699 F.3d at 343. Before an ALJ may assign a disability determination of the VA less than substantial weight, the ALJ must explain in the decision how the record before him or her clearly demonstrates why the decision is entitled to less than substantial weight. <u>See</u> <u>id.</u> The ALJ in this case failed to offer any explanation as to why less than substantial weight was warranted other than the fact that the two programs are structurally different. And while the Commissioner offers to fill in the gaps left by the lack of analysis in the ALJ's decision, it is not the role of this

Court to conduct that analysis in the first instance. See generally Fox v. Colvin, 632 F. App'x 750, 755 (4th Cir. 2015) (unpublished); Hicks v. Colvin, 1:15cv241, 2016 WL 5844178, at *3 (W.D.N.C. Sept. 9, 2016) (Howell, Mag. J.). Moreover, the Court cannot say that such an error was harmless.

This is not to say that the ALJ could not reach the same decision on remand and assign only partial weight to the VA determination for the reasons put forth by the Commissioner in her brief. The ALJ, however, must set forth the rationale for assigning less than substantial weight to the VA disability determination with sufficient detail to allow this Court to perform its function and conduct meaningful review. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 10] and **REMAND** this case.

### B. The Opinion Evidence

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions.

20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings,

-11-

"treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find

that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in considering the opinion evidence from his treating physicians and from Dr. Wheeler. As a threshold matter, the Court finds that the ALJ adequately explained the reasons for assigning weight to the opinion of Dr. Gadudasu. The ALJ gave little weight to Dr. Gadudasu's opinion because the evidence in the record demonstrated that Plaintiff was able to work at Lowes on the weekend, work on Plaintiff's family property in South Carolina, mow his lawn twice a week, and walk. (T. 23.) The ALJ explained his conclusion and bridged the evidence in the record to his determination that the opinion was entitled to little weight.

In contrast, the ALJ failed to provide any meaningful discussion as to the opinion of Dr. Wheeler, including the assigned GAF score of 31 (T. 390-91, 579-92.).[4] The ALJ assigned the opinions Dr. Wheeler little weight because the evidence in the record did not fully support his opinion. (T. 23-24.) As this Court has previously held, such conclusory statements fail to allow this Court to

---

4 The January 19, 2015, Mental RFC from Dr. Wheeler assigns a current GAF score of 31 and indicates that the highest score of the past year is 31. (T. 579, 586.) Courts in this Circuit, as well as the Social Security Administration, have determined that the score is a medical opinion where it is assigned by an acceptable medical source. Switzer v. Colvin, 1:15cv212, 2016 WL 4182755, at *5 (W.D.N.C. July 5, 2016) (Howell, Mag. J.) (discussing the failure of an ALJ to address a GAF score in the record); see also Emrich v. Colvin, 90 F. Supp. 3d 480, 491-92 (M.D.N.C. 2015); Kennedy-Garnett v. Colvin, No. 1:14CV198, 2015 WL 4158755, at *5 (M.D.N.C. Jul. 9, 2015); Clemins v. Astrue, No. 5:13cv00047, 2014 WL 4093424, at *12 (W.D. Va. Aug. 18, 2014); Cooke v. Colvin, 2014 WL 4567473, at *14 (W.D. Va. Sept. 12, 2014).

conduct meaningful review. See Buchanan v. Colvin, 1:14cv209, 2016 WL 485339, at * 4 (W.D.N.C. Jan. 19, 2016) (Howell, Mag. J.); see also Fox, 632 F. App'x at 755. As the Fourth Circuit recently explained in the context of addressing whether the ALJ provided sufficient explanation of the ALJ's application of the special-technique regulation:

> Instead, the dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work.

Patterson v. Comm'r Soc. Sec. Admin., __ F.3d__, 2017 WL 218855, *6 (4th Cir. Jan. 19, 2017). An ALJ must offer more than a conclusory statement as to why an opinion is entitled to specific weight.

Finally, although the Court finds that the ALJ properly assigned no weight to the opinion of Dr. Gawals that Plaintiff was unable to work because this is a determination reserved for the Commissioner, SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d), the record appears to also contain GAF scores assigned by Dr. Gawals that the ALJ did not address (T. 314, 335). These GAF scores would constitute medical opinions from a treating physician that the ALJ would need to address. See Switzer, 2016 WL 4182755, at *5 (collecting cases). On remand, the ALJ should also address the various GAF scores in the record,

especially in light of the fact the scores are consistent with the finding of the VA that Plaintiff was 70% disabled as a result of his PTSD. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 10] and **REMAND** this case.[5]

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 12], **GRANT** the Motion for Summary Judgement [# 10], and **REMAND** this case.

Signed: February 25, 2017

Dennis L. Howell
United States Magistrate Judge

---

[5] Because the Court finds that the ALJ erred in addressing the medical opinion evidence and in the treatment of the VA disability determination, the Court need not address whether the ALJ independently erred in determining the RFC.

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).